UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JONDRIGUS WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:16CV00993 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Jondrigus Williams's Petition Pursuant to 28 U.S.C. § 2255 [ECF No. 1].

## I.   BACKGROUND

On January 8, 2009, Petitioner Jondrigus Williams ("Petitioner") was indicted for the federal offenses of knowingly and intentionally distributing ecstasy in violation of 21 U.S.C. § 841(a)(1) (Count I), possessing of a firearm in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1) (Count II), knowingly and intentionally possessing with the intent to distribute ecstasy in violation of 21 U.S.C. § 841(a)(1) (Count III), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count IV). On March 25, 2009, Petitioner pled guilty to Counts II, III, and IV. At the sentencing hearing on November 6, 2009, Counts I and II were dismissed.[1]

To determine Petitioner's sentence, the Court used the 2008 Guidelines Manual. It was determined Petitioner was an Armed Career Criminal, because of his three convictions for

---
[1] Although this may seem incorrect, the record reflects Petitioner pled guilty to Count II which was later dismissed at sentencing.

1

Burglary Second Degree in St. Louis County, Missouri. He received a three-level reduction for acceptance of responsibility, making his total offense level 30 and his criminal history category VI. The guideline range was 180 to 210 months. The statutory minimum of imprisonment was fifteen years, and the maximum term was life, with a term of supervised release not to exceed five years. On November 6, 2009, the Court sentenced Petitioner to 180 months imprisonment, and a five-year term of supervised release. After the United States Supreme Court decided *Johnson v. United States*, 135 S. Ct. 2251 (2015), Petitioner filed the present motion to correct his sentence, asserting he is no longer an Armed Career Criminal in light of the Supreme Court's decision in *Johnson*.

## II. ANALYSIS

Petitioner asserts the offense of second-degree burglary in Missouri does not qualify as a violent felony for purposes of the Armed Career Criminal Act ("ACCA"), because it is not a crime of violence under the "force clause" of the ACCA. The United States argues Petitioner does not qualify for *Johnson* relief, because he cannot prove he was sentenced under the residual clause of the ACCA; therefore, whether his convictions qualify under the force clause is immaterial.

### A. *Johnson* Relief

In *Johnson*, the Supreme Court determined the residual clause in the definition of "violent felony" in the ACCA was unconstitutionally vague. 135 S. Ct. 2551. Subsequently, in *United States v. Welch*, the Supreme Court ruled *Johnson* was a substantive new rule, retroactive on collateral review. 136 S. Ct. 1257 (2016). Therefore, defendants who were determined to be Armed Career Criminals under the residual clause of the ACCA may seek collateral review of their sentences within one year of the Supreme Court's *Johnson* decision. As noted, the United

States asserts Petitioner does not qualify for collateral review under *Johnson* because he cannot prove he was sentenced under the residual clause.

The Court cannot determine whether Petitioner was sentenced under the residual clause of the ACCA. The presentence report filed at the time of his sentencing does not indicate under which clause he received the ACCA enhancement, and the Statement of Reasons adopts the presentence report without change. This Court has held, in situations where it cannot be determined under what clause the prior offenses were predicate offenses, the better approach was to find relief was available, because the Court may have relied on the unconstitutional residual clause. *See Bevly v. United States*, No. 4:16CV00965 ERW, 2016 WL 6893815 (E.D. Mo. Nov. 23, 2016) (J. Webber); *Givens v. United States*, No. 4:16-CV-1143 CAS, 2016 WL 7242162 (E.D. Mo. Dec. 15, 2016) (J. Shaw); *Johnson v. United States*, No. 4:16-CV-00649-NKL, 2016 WL 6542860 at *2 (W.D. Mo. Nov. 3, 2016). The United States cites two appellate decisions which state a district court must deny a petition, and may not reach the merits of the petition, where the petitioner cannot prove he was sentenced under the residual clause of the ACCA. *See In re Moore*, 830 F.3d 1268 (11th Cir. 2016); *Stanley v. United States*, 827 F.3d 562 (7th Cir. 2016). However, the Court does not find the reasoning of the Eleventh and Seventh Circuits, in the respective opinions, to be persuasive.

The Eleventh Circuit's decision in *Moore*, was published on July 27, 2016. On August 2, 2016, a different panel on the Eleventh Circuit decided *In re Chance*, directly contradicting the decision in *Moore*. 831 F.3d 1335, 1339 (11th 2016). In *Chance*, the panel stated the language in *Moore*, concerning a district court's denial of a petition if the petitioner is unable to prove he was sentenced under the residual clause, is dicta and need not be followed. *Id*. Further, the panel determined a petitioner does not have to prove he was sentenced under the residual clause for his

petition to be decided on the merits. *Id*. The panel stated, if the district court denied a petitioner's petition on this basis, the district court would be required to ignore Supreme Court precedent determined after *Johnson*. *Id*. Further, the panel found there was, and is, nothing in the law which requires a district judge to state the clause on which it relied on at sentencing, so judges have not made it clear under which clause the defendant was being sentenced. *Id*. Therefore, two similarly situated defendants, one who was told at sentencing he was being sentenced under the residual clause, and one who was not, would not be treated the same and would receive different final sentences. *Id*. The panel concluded by stating a petitioner, to get relief, need only show the ACCA may no longer authorize his sentence. *Id*.

The Court finds the second panel decision by the Eleventh Circuit to be persuasive. Further, this complies with the Court's prior rulings in similar cases. Because there is no way to determine whether Petitioner was sentenced under the residual clause of the ACCA, but realizing he may have been sentenced under the residual clause, the Court will analyze the merits of his Petition.

    *B.    Second Degree Burglary*

Whether Petitioner qualifies as an Armed Career Criminal depends on whether his prior convictions for second-degree burglary in Missouri qualify as violent felonies under the ACCA. In *United States v. Bess*, this Court determined Missouri's statute for second-degree burglary no longer qualified as a violent felony under the ACCA, because it was indivisible and covered more conduct than the generic offense of burglary. No. 4:15CR00021 ERW, 2016 WL 6476539 (E.D. Mo. Nov. 2, 2016) (J. Webber); *see also Givens v. United States*, No. 4:16CV1143 CAS, 2016 WL 7242162 (E.D. Mo. Dec. 15, 2016) (J. Shaw). However, in *United States v. Sykes*, the

Eighth Circuit held a defendant's prior convictions for second-degree burglary in Missouri may qualify as violent felonies. 844 F.3d 712 (8th Cir. 2016).

In *Sykes*, the defendant had three Missouri state court convictions for second-degree burglary of a building. *Id*. The Eighth Circuit determined Missouri's second-degree burglary statute lists two alternative elements, burglary of a building or inhabitable structure, and "because burglary of 'a building' describes an element of second-degree burglary rather than a means, [the] decision does not run afoul of Mathis." *Id*. The decision in *Sykes* leaves open the question of whether burglary of an inhabitable structure in Missouri qualifies as a violent felony.

The Missouri burglary statute provides:

> A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein.

Mo. Rev. Stat § 569.170. The definition of inhabitable structure includes:

> . . . a ship, trailer, sleeping car, airplane, or other vehicle or structure: (a) where any person lives or carries on business or other calling; or (b) where people assemble for purposes of business, government, education, religion, entertainment, or public transportation; or (c) which is used for overnight accommodation of persons.

Mo. Rev. Stat. § 569.010. Justice Kagan, in *Mathis v. United States*, stated, "[t]o determine whether a past conviction qualifies [under the ACCA], courts compare the elements of the crime of conviction with the elements of the 'generic' version of the listed offense –i.e. the offense most commonly understood." 136 S. Ct. 2243, 2248 (2016). Citing *Taylor v. United States*, 494 U.S. 575 (1990), Justice Kagan recognizes Congress referred only to their usual generic versions and not all variants of the offenses in the ACCA. *Mathis*, 136 S.Ct. at 2248. Pertaining to burglary, she wrote, "Congress meant a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure with intent to commit a crime.'" *Id*.

5

She notes, "'[e]lements' are the 'constituent parts' of a crime's legal definition – the things the prosecution must prove to sustain a conviction . . . they are what the jury must find beyond a reasonable doubt to convict a defendant." *Id.* (internal citations omitted). She continues, "[a] crime counts as 'burglary' under the Act if its *elements* are the same as, or narrower than, those of the generic offense. But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' – even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id.*

The definition of inhabitable structure in Missouri's statute goes beyond the generic definition of burglary as outlined by Justice Kagan. Therefore, if Petitioner's convictions for second-degree burglary are for burglary of an inhabitable structure, then his prior convictions no longer qualify as violent felonies under the ACCA. Under the modified categorical approach, the Court reviewed the criminal complaints filed in Petitioner's second-degree burglary convictions and in each one, he was charged with burglary of an inhabitable structure. Although his actual conduct may constitute burglary of a building, the Court is only permitted to look at the elements for which he is charged, not the specific conduct of his conviction. Therefore, because Petitioner's prior convictions are for second-degree burglary of an inhabitable structure, which does not qualify as a violent felony under the ACCA, Petitioner no longer qualifies as an Armed Career Criminal and must be resentenced.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Jondrigus Williams's Petition Pursuant to 28 U.S.C. § 2255 [ECF No. 1] is **GRANTED**.

So Ordered this 7th day of March, 2017.

                                                                    *E. Richard Webber* (signature)

                                                **E. RICHARD WEBBER**
                                                **SENIOR UNITED STATES DISTRICT JUDGE**